UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO PUEBLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-25-CV-476-OLG (HJB) |
| | § | |
| FORD MOTOR COMPANY | § | |
| and CAVENDER GRANDE FORD, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Emergency Motion to Strike Removal and Recognize Continued State Court Jurisdiction Due to Fraud (Docket Entry 17), and Plaintiff's Motion to Remand (Docket Entry 20). Pretrial matters in this case have been referred to the undersigned for consideration pursuant to 28 U.S.C. § 636(b). (Docket Entry 5.) For the reasons set out below, I recommend that Plaintiff's motions (Docket Entries 17 and 20) be **DENIED**.

Plaintiff, proceeding *pro se*, filed this case in the 285th District Court in Bexar County, Texas. (Docket Entry 1-5.) Plaintiff, a Texas citizen, named Ford Motor Company ("Ford") as a Defendant in the suit; Ford answered the complaint in state court (Docket Entry 1-7), and, on the basis of diversity of citizenship, removed the case to this Court pursuant to 28 U.S.C. § 1332 on April 30, 2025. (Docket Entry 1.)

Plaintiff's motions concern the timing of Ford's removal. Title 28 U.S.C. § 1446 requires that the notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based." 28 U.S.C. § 1446(b)(1). In its notice of removal, Ford alleged that the Texas Secretary of State mailed the summons in this case to Ford's Office of General Counsel on April 14, 2025, and that Ford received the summons and Complaint on April 22, 2025. (Docket Entry 1, at 3.) In his motions, Plaintiff contests the latter assertion and he has presented a certificate from the Secretary of State showing that the return receipt for service was actually dated April 18, 2025. (Docket Entry 17, at 13.) On this basis, Plaintiff accuses Ford of fraud and seeks remand for lack of jurisdiction. (Docket Entry 17, at 1; Docket Entry 20, at 2.)[1] Ford has responded by filing a supplement to its removal notice conceding that it did in fact receive the summons and complaint on April 18, not April 22 at it originally asserted. (Docket Enry 19.)

Although Plaintiff is correct that Ford received notice on April 18, his motions should nevertheless be denied. Ford filed its notice of removal on April 30, 2025. (Docket Entry 1.) Even with a receipt date of April 18, 2025, the removal was filed well within the 30-day time frame established by § 1446(b)(1). Accordingly, the erroneous April 22 date listed in the notice of removal neither affects this Court's jurisdiction, nor prejudices Plaintiff in any way. *See* FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

For the foregoing reasons, I recommend that Plaintiff's Emergency Motion to Strike Removal and Recognize Continued State Court Jurisdiction Due to Fraud (Docket Entry 17), and Motion to Remand (Docket Entry 20) be **DENIED**.

---

[1] Plaintiff has filed a separate motion to remand raising a challenge to the Court's diversity jurisdiction based on the addition of a new defendant. (*See* Docket Entry 7.) The undersigned addresses that motion in an order separately entered on this date.

**Notice of Right to Object**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 11, 2025.

                                              Henry J. Bemporad
                                              United States Magistrate Judge