UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO PUEBLA, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-476-OLG (HJB) |
| FORD MOTOR COMPANY, | § § | |
| Defendant. | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the status of the above case. Pretrial matters have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 5.) For the reasons set out below, I recommend this case be **DISMISSED** for failure to prosecute and failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b).

## I.      Jurisdiction.

Plaintiff, proceeding *pro se*, filed this case in the 285th District Court in Bexar County, Texas, alleging claims of product liability, breach of implied warranty, gross negligence, and violation of the Texas Lemon Law, TEX. OCCUP. CODE §§ 2301.601, *et seq.* (Docket Entry 1-5.) Defendant answered the complaint in state court (Docket Entry 1-7), and, on the basis of diversity of citizenship, removed the case to this Court pursuant to 28 U.S.C. § 1332 on April 30, 2025. (Docket Entry 1.) I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II.    Background.

After this case was removed, Plaintiff filed two motions to remand, and sought to join a non-diverse party into the case. (Docket Entries 6, 7, and 20.) The District Court dismissed the non-diverse party and denied the remand motions on the undersigned's recommendations. (*See* Docket Entries 23, 26, 27, and 28.) Plaintiff did not file objections to either recommendation.

After the second recommendation was adopted, the undersigned set the case for a status and scheduling conference. (Docket Entry 29.) Defendant then moved for summary judgment, arguing that all of Plaintiff's claims were barred by Texas's 15-year products liability statue of repose. (*See* Docket Entry 30, at 1 (citing TEX. CIV. PRAC. & REM. CODE § 16.012(b).)

Plaintiff neither responded to Defendant's motion nor appeared in court for the scheduled conference. Accordingly, the Court ordered Plaintiff to respond to the motion and to show cause why he should not be sanctioned for his failure to appear. (Docket Entry 32.) Plaintiff was expressly admonished that failure to comply could result in dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*)

Plaintiff neither responded nor otherwise communicated with the Court. Indeed, more than six months have passed since Plaintiff last took any action in this case.

## III.    Discussion.

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). The availability of a dismissal sanction "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962).

Plaintiff's case should be dismissed under Rule 41(b). Plaintiff has failed to respond to a

motion to summary judgment, despite being ordered to do so. (*See* Docket Entries 30 and 32.) And Plaintiff did not appear for Court as ordered. (*See* Docket Entry 32.) Plaintiff was ordered to show cause why he should not be sanctioned, and he was expressly warned that failure to respond could subject his case to dismissal under Rule 41(b) (*see id.*), yet he still did not respond. These repeated failures warrant dismissal under Rule 41(b), as the record demonstrates that lesser sanctions—*e.g.*, issuing orders to respond, or threatening sanctions—would clearly be futile. Plaintiff's apparent unwillingness to prosecute this case or comply with the Court's orders warrants dismissal. *See Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019) (recommending dismissal where plaintiff failed to comply with court orders, failed to respond to motion to dismiss, and failed to appear at scheduling conference), *report and recommendation adopted*, No. CV H-18-4168, 2019 WL 3570451 (S.D. Tex. Aug. 5, 2019).

Dismissals under Rule 41(b) are normally without prejudice and reviewed only for an abuse of discretion. *Griggs*, 905 F.3d at 844. The Fifth Circuit has narrowed the scope of discretion under the Rule, however, when "the applicable statute of limitations probably bars future litigation." *Id.* Those circumstances are not present here; the incident giving rise to Plaintiff's claims occurred in November of 2024, so the statutes of limitations for those claims—negligence, gross negligence, product liability, failure to warn, breach of implied warranty, and civil conspiracy (*see* Docket Entry 6, at 1)—probably would not bar refiling. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing two-year limitations period for personal injury claims); TEX. BUS. & COM. CODE § 2.725 (providing four-year limitations period for breach claims); *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 201 (5th Cir. 2021) ("Civil conspiracy claims are generally subject to a two-year statute of limitations."). Accordingly, there is no indication that the statutes of limitations would be implicated by dismissal of this case without

3

prejudice under Rule 41(b).[1]

## IV.   Conclusion and Recommendation.

For the reasons set out above, I recommend that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute his case and failure to comply with Court orders.

## V.   Instruction for Service and Notice for Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to 20 pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

---

[1] The undersigned also notes that Defendant's central defense—that any claims filed later than 2020 are barred by a 15-year statute of repose (*see* Docket Entry 30 (citing TEX. CIV. PRAC. & REM. CODE § 16.012(b))—would apply equally to this suit and any refiled suit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on January 22, 2026.

Henry J. Bemporad
United States Magistrate Judge